J-S36024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAMONT DADE | : | |
| | : | |
| Appellant | : | No. 2247 EDA 2017 |

Appeal from the PCRA Order June 16, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013000-2007

BEFORE: GANTMAN, P.J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY DUBOW, J.: **FILED SEPTEMBER 26, 2018**

Appellant, Lamont Dade, appeals *pro se* from the June 16, 2017 Order entered in the Philadelphia County Court of Common Pleas dismissing as untimely Appellant's first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

On December 12, 2008, Appellant entered negotiated guilty pleas to charges of Third-Degree Murder, Conspiracy to Commit Murder, Aggravated Assault, Robbery, and Carrying a Firearm Without a License[1] arising from Appellant's role in the 2006 murder and robbery of Devon English.[2]

---

[1] 18 Pa.C.S. § 2502(c); 18 Pa.C.S. § 903(a); 18 Pa.C.S. § 2702(a); 18 Pa.C.S. § 3701(a)(1); and 18 Pa.C.S. § 6106(a)(1), respectively.

[2] The record reflects that Appellant was 16 years old at the time he committed the offenses for which he entered guilty pleas. The Commonwealth charged Appellant as an adult.

On December 23, 2008, the trial court sentenced Appellant to an aggregate sentence of 25 years' to 50 years' incarceration. Appellant's sentence was comprised of a term of 20 to 40 years' incarceration for his Third-Degree Murder conviction and 5 to 10 years' incarceration for his Robbery conviction.[3] Appellant did not file a direct appeal from his Judgment of Sentence. Thus, his sentence became final on January 22, 2009.[4]

On July 9, 2010, Appellant filed a *pro se* first PCRA Petition in which he challenged the legality of his sentence. The PCRA court dismissed the Petition as untimely. On appeal, this Court vacated the dismissal order and remanded for the appointment of counsel. **See Commonwealth v. Dade**, No. 1192 EDA 2014 (Pa. Super. filed November 10, 2014) (*per curiam*).

On remand, the PCRA court appointed counsel who entered his appearance on December 11, 2014. On July 7, 2015, notwithstanding the appointment of counsel, Appellant filed an amended *pro se* PCRA Petition, again challenging the legality of his sentence.

On February 27, 2017, PCRA counsel filed a Petition to Withdraw as Counsel along with a "no-merit" letter pursuant to **Commonwealth v.**

---

[3] The court sentenced Appellant to a concurrent term of 20 to 40 years' incarceration for his Conspiracy conviction, a concurrent term of 5 to 10 years' incarceration for his Aggravated Assault conviction, and a concurrent term of 1 to 5 years' incarceration for his Carrying a Firearm Without a License conviction. Notably, the court did not sentence Appellant to a sentence of life without the possibility of parole for his Third-Degree Murder conviction.

[4] **See** 42 Pa.C.S. § 9545(b)(3).

*Turner*, 544 A.2d 927 (Pa. 1988), *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and their progeny.

On April 5, 2017, before ruling on counsel's Petition to Withdraw, the PCRA court issued its Notice of Intent to Dismiss Appellant's PCRA Petition without a hearing pursuant to Pa.R.Crim.P. 907, noting that Appellant's claims "fail to satisfy any of the timeliness exceptions enumerated in 42 Pa.C.S. § 9545(b), and therefore this [c]ourt lacks jurisdiction over [Appellant's] [P]etition." Rule 907 Notice, 4/5/17, at 2-3.

On April 24, 2017, Appellant filed a *pro se* Response to the court's Rule 907 Notice. In it, he requested leave to file an amended PCRA Petition to raise three additional claims, all of which challenged the validity of his negotiated guilty plea. He also noted that, in finding that he failed to prove an exception to the PCRA's time bar based on *Miller v. Alabama*, 567 U.S. 460 (2012), the PCRA court erroneously referred to Appellant as having been 19 years old at the time he committed the instant crimes.

On May 8, 2017, the PCRA court filed a Supplemental and Correcting 907 Notice. The court first acknowledged its error regarding Appellant's age at the time of the instant crimes, but noted that, because the court had not sentenced Appellant to a mandatory sentence of life without the possibility of parole, Appellant's claim that he is serving an illegal sentence under *Miller* fails. *See* Supplemental 907 Notice, 5/8/17, at 3. The court also found that it lacked jurisdiction to consider Appellant's untimely claims regarding the validity of his negotiated guilty plea both because they do not fall within any

of the PCRA's timeliness exceptions and because Appellant failed to assert that they do.[5] *Id.* at 4.

On June 16, 2017, the PCRA court entered an Order granting counsel's Petition to Withdraw as Counsel and dismissing Appellant's PCRA Petition as untimely.

Appellant timely appealed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following two issues on appeal:

1. Whether the PCRA court erred when the court determined that [Appellant's] PCRA Petition was untimely pursuant to 42 Pa.C.S. § 9545(b) and [Appellant] failed to properly invoke an exception to the timeliness provision of the [PCRA]?

2. Whether the PCRA court erroneously accepted PCRA counsel's *Turner/Finley* letter [and] failed to address all of [Appellant's] raised issues?

Appellant's Brief at 3.

In his first issue, Appellant claims that the PCRA court erred in dismissing his Petition as untimely, averring that he had pleaded and proved the "newly discovered fact" exception to the PCRA's time bar. *Id.* at 7. *See* 42 Pa.C.S. § 9545(b)(1)(ii). In particular, Appellant claims that he filed his PCRA Petition within 60 days of discovering that the trial court had failed to

---

[5] Moreover, the PCRA court concluded that Appellant had waived the first two of the three challenges to the validity of his guilty plea because he failed to raise them during sentencing or in a post-sentence motion, and the last issue challenged the effectiveness of his plea counsel. Supplemental Rule 907 Notice, 5/8/17, at 4.

- 4 -

advise him at the time of his 2008 sentencing of the appellate claims that were supposedly available to him. Appellant's Brief at 7-8, *citing* N.T. Sentencing, 12/23/08, at 5-6 (where the sentencing court advised Appellant that his grounds for any direct appeal he may wish to take were limited to: (1) the trial court's jurisdiction; (2) the legality of his sentence; and (3) the voluntariness of his plea).

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). Before addressing the merits of Appellant's claims, however, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. No court has jurisdiction to hear an untimely PCRA Petition. **Commonwealth v. Hackett**, 956 A.2d 978, 983 (Pa. 2008).

A PCRA Petition must be filed within one year of the date the underlying Judgment becomes final; a Judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S. § 9545(b)(1), (3). However, the PCRA provides exceptions to the timeliness requirement in certain circumstances. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). For a petitioner to avail himself of one of the exceptions, he must file his petition within 60 days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

As long as this Court has jurisdiction over the matter, a legality of sentencing issue is reviewable and cannot be waived. ***Commonwealth v. Jones***, 932 A.2d 179, 182 (Pa. Super. 2007). However, all claims cognizable under the PCRA, including a legality of sentencing issue, must be raised in a timely filed PCRA Petition over which we have jurisdiction. ***See*** 42 Pa.C.S. § 9545(b); ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

Here, Appellant's Petition, filed more than one year after his Judgment of Sentence became final, is facially untimely.[6] Appellant maintains, however, that his PCRA Petition should be reviewed because it falls within the exception for newly discovered facts, 42 Pa.C.S. § 9545(b)(1)(ii). Appellant's Brief at 18.

The exception in Section 9545(b)(1)(ii) requires a petitioner to plead and prove that "1) the facts upon which the claim was predicated were unknown [at the time of trial;] and 2) could not have been ascertained by the exercise of due diligence*.*" ***Commonwealth v. Bennett***, 930 A.2d 1264, 1272 (Pa. 2007) (citation, internal quotation marks, and emphasis omitted).

---

[6] Appellant's Judgment of Sentence became final on January 22, 2009. Accordingly, the period in which Appellant could have filed a timely PCRA Petition ended on January 22, 2010. Appellant filed this first *pro se* PCRA Petition on July 9, 2010.

Appellant did not plead the applicability of this exception to the PCRA time bar in any of his PCRA Petitions or in his Response to the PCRA court's Rule 907 Notice.[7]  Accordingly, the trial court did not err in concluding that Appellant's Petition was untimely and that it was without jurisdiction to review it.

In his second issue, Appellant claims that the PCRA court erred in accepting PCRA counsel's *Turner/Finley* letter and dismissing his PCRA Petition because counsel's *Turner/Finley* letter did not address all of the issues Appellant sought to raise.  Appellant's Brief at 9.

Appellant did not raise this issue in his response to the PCRA court's Rule 907 Notice.  Rather, as the PCRA court observed in its Rule 1925(a) Opinion, Appellant raised this issue for the first time in his Rule 1925(b) Statement.  PCRA Ct. Op., 8/11/17, at 7.  "[A] claim not raised in a PCRA petition cannot be raised for the first time on appeal." *Commonwealth v. Santiago*, 855 A.2d 682, 691 (Pa. 2004).  Thus, Appellant has waived this claim on appeal. *Id.*

Order affirmed.

---

[7] Appellant raised the applicability of this exception for the first time in his Brief to this Court.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/26/18